

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00461-CV

_____

LINDA MORGAN, Appellant

V.

JORGE RODRIGUEZ AND ALLIANCE RECONSTRUCTION, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-006219-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

On May 11, 2022, the trial court signed an order dismissing for want of prosecution Appellant Linda Morgan's suit against Appellees Jorge Rodriguez and Alliance Reconstruction. *See* Tex. R. Civ. P. 165a. Because Morgan failed to timely file a postjudgment motion to extend the appellate deadline, her notice of appeal was due June 10, 2022. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 165a.3. But Morgan did not file her notice of appeal until November 21, 2022, making it untimely. *See* Tex. R. App. P. 26.1.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We thus wrote to Morgan on November 28, 2022, expressing our concern that we lacked jurisdiction over this appeal because it appeared that her notice of appeal was untimely filed and warned that we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1, 42.3(a), 43.2(f).

We received no response but later realized that our letter may have caused confusion because it stated the incorrect notice-of-appeal filing deadline. So we wrote to Morgan again on December 22, 2022. This time, we stated the correct notice-of-appeal filing deadline and again pointed out that it appeared that her notice of appeal was untimely.

In that same letter, we also pointed out that in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed. *See* Tex. R. App. P. 26.1(c). We stated that if Morgan intended to pursue a restricted appeal, she must do the following:

- File an amended notice of appeal in the trial court containing the information required for a restricted appeal and file, with us, a copy of the amended notice of appeal, *see* Tex. R. App. P. 25.1(d), (e), (g), 37.l, and

- File with us a response—verified, if necessary—showing a reasonable explanation for the late filing of the notice of restricted appeal,[1] *see* Tex. R. App. P. 10.2, 10.5(b), 26.3(b).

We warned Morgan that if she failed to complete these steps within ten days or that if we determined that her appeal was not timely perfected, we would dismiss her appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). Ten days have passed, and Morgan has failed to take the requested actions. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 26, 2023

---

[1]Morgan's notice of appeal was filed after the six-month restricted-appeal filing deadline but within the 15-day period in which we infer a motion to extend the filing deadline. *See* Tex. R. App. P. 26.1(c), 26.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.